**BLANK ROME LLP**
Ana Tagvoryan (SBN 246536)
ATagvoryan@BlankRome.com
Harrison Brown (SBN 291503)
HBrown@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:  424.239.3434

*Attorneys for Defendant*
BIZLENDER LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING INC, a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIZLENDER LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06863-MMC<br><br>*Assigned to the Hon. Maxine M. Chesney*<br><br>**DEFENDANT BIZLENDER LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT, IMPOSE SANCTIONS, AND AWARD ATTORNEY'S FEES**<br><br>Date:  February 22, 2019<br>Time:  9:00 a.m.<br>Judge:  Maxine M. Chesney<br>Courtroom:  7<br><br>Complaint Filed:  November 29, 2017<br>Trial Date:  N/A |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion has unfortunately become necessary due to Plaintiff Abante Rooter and Plumbing Inc.'s ("Abante") reneging on the agreement initially reached between Abante and Defendant BizLender LLC ("BizLender") at the Early Neutral Evaluation ("ENE") held on June 18, 2018, before Evaluator N. Kathleen Strickland. Participants at the ENE included representatives of the parties and attorneys Thomas E. Wheeler of the Law Offices of Todd M. Friedman, P.C. (for Abante) and Ana Tagvoryan of Blank Rome LLP (for BizLender). Terms of Settlement were memorialized and signed by the parties and their counsel, and as Evaluator Strickland's certification on June 19, 2018 (Docket No. 35), states, "The case settled. ENE is complete." The Court subsequently entered an Order of Dismissal on June 21, 2018.

After months of delays by Abante in responding to BizLender's proposed agreement to finalize the settlement reached at the ENE, the final written terms of the Release and Confidential Settlement Agreement (the "Agreement") were confirmed by phone by the parties' respective counsel on October 17, 2018, and then by e-mail from Abante's counsel on November 29, 2018, and BizLender's counsel on December 12, 2018. Despite this confirmation, Abante now claims to have "fired" the Law Offices of Todd M. Friedman, P.C.[1] after the fact, and is attempting to renegotiate the mutually agreed-upon terms of the Agreement to limit the scope of the release from the broad terms agreed to at the ENE and confirmed in subsequent discussions.

BizLender is not interested in renegotiating—especially not to its detriment—and thus requests Court's intervention to enforce the settlement terms memorialized in the Agreement. Further, due to Abante's refusal to execute the Agreement, BizLender seeks sanctions of $100 per day from January 3, 2019, as well as $7,961.78 in attorney's fees incurred since finalizing the

---

[1] This "firing," however, did not stop the Law Offices of Todd M. Friedman, P.C. from later filing another class action lawsuit on behalf of Abante in this jurisdiction against another defendant. *See Abante Rooter & Plumbing Inc. v. Liberty Commercial Credit LLC dba Express Capital Funding*, No. 3:19cv77 (N.D. Cal. filed Jan. 4, 2019).

Further, Abante now claims to be represented in this matter by Ted Broderick, believed to be a Massachusetts-based attorney of the Law Office of Edward A. Broderick. Mr. Broderick is not admitted to practice in this jurisdiction. *See* https://www.cand.uscourts.gov/attystatus.

Agreement and which will be incurred through the hearing on this motion.

## II. STATEMENT OF ISSUES TO BE DECIDED

BizLender requests that the Court determine (1) whether the agreement between Abante and Bizlender should be enforced according to its terms or whether Abante should be permitted to renegotiate the agreement, and (2) whether to award sanctions in the amount of $100 per day and attorney's fees in the amount of $7,961.78 against Abante and to BizLender in connection with this motion and the concurrently filed motion to file documents under seal.

## III. BACKGROUND

On November 29, 2017, Abante filed a putative class action complaint against BizLender in the above-entitled action. Docket No. 1. Throughout the pendency of this litigation, Abante has been represented by the Law Offices of Todd M. Friedman, P.C., and BizLender has been represented by Ana Tagvoryan and Harrison M. Brown of Blank Rome LLP since it first appeared in the case on January 10, 2018. The parties and their counsel[2] attended an ENE on June 18, 2018, at which point a settlement was reached that included a broad release of claims by Abante as against BizLender, as well as a dismissal of the individual claims with prejudice and the class claims without prejudice. *See* Docket No. 35–36 (dismissing claims without prejudice following ENE, but permitting reopening the matter if the settlement was not finalized); Decl. of Ana Tagvoryan ("Tagvoryan Decl.") filed concurrently herewith, Exs. A, C[3].

BizLender first sent a proposed settlement agreement to Abante's counsel, Mr. Wheeler, on July 3, 2018. Tagvoryan Decl., Ex. B. Mr. Wheeler did not respond until August 14, 2018, and thereafter provided Abante's proposed revisions on August 23, 2018. *Id.* The parties exchanged further edits, and reached an agreement on final terms during a phone call on October 17, 2018, with Abante providing a revised agreement (the "Agreement") on November 29, 2018, to commemorate that discussion. *Id.* On December 12, 2018, BizLender confirmed to Abante that

---

[2] Although Thomas E. Wheeler is not officially a counsel of record in this case, he is an attorney at the Law Offices of Todd M. Friedman, P.C., is admitted to practice in this jurisdiction, and attended the ENE as Abante's counsel. *See* https://www.cand.uscourts.gov/attystatus.

[3] These documents are sought to be filed under seal pursuant to BizLender's motion for administrative relief filed concurrently.

the Agreement was acceptable. *Id.* On December 14, 2018, BizLender executed the Agreement and provided it to Abante. *Id.*, Ex. A.

In late December 2018, Mr. Wheeler informed BizLender that Abante had fired his firm as its counsel, and advised BizLender's counsel to contact Abante directly. *Id.*, Ex. B. On January 3, 2018, Abante informed BizLender that it would not sign the Agreement, instead providing additional revisions limiting the scope of the release and also providing contact information for its new counsel. *Id.*; *see also* n.1, *supra*.

## IV.  LEGAL STANDARD

Because of "the high judicial favor accorded the voluntary settlement of disputes," a "trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (internal quotation marks omitted). This authority to enforce a completed settlement agreement exists whether that agreement is oral or in writing. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136–40 (9th Cir. 2002). To be enforced, a settlement agreement must meet two requirements. First, it must be a "complete" agreement. *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994). Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. *See Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir. 1977).

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (internal quotation marks omitted). "Under California law, the intent of the parties determines the meaning of the contract. The relevant intent is 'objective'—that is, the intent manifested in the agreement and by surrounding conduct—rather than the subjective beliefs of the parties. For this reason, the true intent of a party is irrelevant if it is unexpressed." *Id.* (citations omitted). The Court may award sanctions to the moving party and recovery of its attorney's fees "incurred in connection with the motion to enforce the settlement agreement." *See Grinzi v. Barnes*, No. C04–1655 PVT, 2005 WL 3434871, at *1 (N.D. Cal. Dec. 14, 2005) (awarding $2,880 in attorney's fees and $100 per day in sanctions

to movant on motion to enforce settlement); *see also* 28 U.S.C. § 1927.

## V. ARGUMENT

### A. The Court Should Enforce the Finalized Agreement.

Here, both requirements for enforcing the Agreement are easily met. After considerable discussion over the scope of the release, including numerous emails and an October 17, 2018 phone call to resolve all remaining issues, Abante's counsel Mr. Wheeler provided the Agreement to BizLender's counsel Mr. Brown on November 29, 2018. On December 12, 2018, Mr. Brown confirmed to Mr. Wheeler that the terms were acceptable, and BizLender executed the Agreement two days later. There can be no reasonable dispute that (1) the Agreement is "complete," and (2) the parties' counsel were operating within the scope of their authority provided by their clients to finalize settlement terms in the six months following the ENE. Abante has no basis to circumvent the Agreement by claiming it subsequently "fired" its counsel—whom it still employs in other matters, and who remain counsel of record in this case—after settlement terms had already been finalized in the Agreement. As a result, the Court should enforce the Agreement, and permit BizLender the deal that it negotiated at the ENE back in June of last year.

### B. The Court Should Award Sanctions and Attorney's Fees to BizLender.

This drawn-out odyssey to finalize terms following settlement at the June 2018 ENE was avoidable, and has resulted in considerable unnecessary expenses to BizLender in the over six months that have since elapsed. As a result, BizLender requests reimbursement of its attorney's fees, which numerous courts within this jurisdiction have awarded in ruling on motions to enforce settlement. *See*, *e.g.*, *Armstrong v. City and Cty. of San Francisco*, No. C 01–2611 VRW MEJ, 2004 WL 2713068, at *2 (N.D. Cal. June 15, 2004) (awarding attorney's fees on a motion to enforce settlement when "a representative of Plaintiffs' counsel acknowledged the enforceability of the settlements" and "Defendant incurred needless time and expense in filing this motion to enforce"); *Bill Poon & Co., Architects, Inc. v. Bafaiz*, No. C 07-5566 PJH, 2009 WL 688917, at *3 (N.D. Cal. Mar. 16, 2009) (awarding $10.111.50 in attorney's fees in connection with a motion to enforce settlement); *Coremetrics, Inc. v. Atomic Park.com, LLC*, No. C-04-0222 EMC, 2007 WL 1033455, at *1–2 (N.D. Cal. Apr. 3, 2007). Since December 14, 2018, when BizLender

sent its signed agreement to Abante, BizLender's attorneys have spent 16.2 hours on this matter, including preparing this motion and the concurrently filed motion to file documents under seal, and thus BizLender requests that this Court award BizLender its attorney's fees of $7,961.78, representing the amount incurred to date and additional amounts in connection with the review of the opposition, reply, and telephonic attendance at the hearing on this motion. *See* Tagvoryan Decl., ¶ 6.

Further, Abante's bad-faith conduct in delaying execution and implementation of the Agreement should be sanctioned to prevent further misconduct given the numerous lawsuits filed by Abante that remain pending.[4] *See Grinzi*, 2005 WL 3434871, at *1 (awarding daily sanctions following a motion to enforce settlement to continue until the sanctioned party complied with its obligation under the settlement agreement). District courts have the inherent authority to issue sanctions for bad faith. *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (citation omitted). This power to sanction extends to cases in which parties have agreed to a settlement in open court but one party does not follow through with the agreement. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir. 2002). Here, in addition to its request for attorney's fees, BizLender requests sanctions of $100 per day dating to January 3, 2019, the first day that Abante informed BizLender that it would not execute the Agreement in conformity with the settlement reached at the ENE, contrary to its authorized counsel's earlier representations.

## VI.     CONCLUSION

For the foregoing reasons, Defendant BizLender LLC requests that the Court enforce the terms of the mutually agreed-upon settlement agreement and release between BizLender and Plaintiff. Additionally, BizLender requests that the Court issue sanctions in the amount of $100 per day against Plaintiff for its misconduct and award attorney's fees in the amount of $7,961.78 to BizLender for its preparation of this motion.

---

[4] As the dockets within this jurisdiction attest, Abante is a serial filer of TCPA lawsuits, having filed approximately thirty since the beginning of 2017, many of which are against small business financing, advance cash, and lending companies. Abante is regularly represented by the Law Offices of Todd M. Friedman, P.C., including in this matter and in numerous pending cases.

| | | |
|---|---|---|
| Dated: January 11, 2019 | | **BLANK ROME LLP** |
| | By: | */s/ Ana Tagvoryan* |
| | | Ana Tagvoryan |
| | | Harrison Brown |
| | | *Attorneys for Defendant* |
| | | BIZLENDER LLC |